**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARRIE S. ARMSTRONG, | No. 13-15237 |
| Plaintiff-Appellant, | D.C. No. 1:10-cv-01856-LJO-JLT |
| v. | |
| CALIFORNIA STATE CORRECTIONAL INSTITUTIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Carrie S. Armstrong appeals pro se from the district court's summary

judgment in her 42 U.S.C. § 1983 action alleging First Amendment retaliation and

state law defamation claims arising out of her employment as a registered nurse at

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a California state prison. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In her opening brief, Armstrong fails to address how the district court erred in granting summary judgment and thus this issue is waived. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court did not abuse its discretion in rejecting Armstrong's untimely opposition to the motion for summary judgment because Armstrong failed to file a motion, pursuant to Fed. R. Civ. P. 6(b), establishing excusable neglect. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966 (9th Cir. 2010) (setting forth standard of review and explaining that "it is never an abuse of discretion for a district court to exclude untimely evidence when a party fails to submit that evidence pursuant to a motion, as Rule 6(b) expressly requires").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

13-15237

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**